1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| ROBERTA ELMORE, | CASE NO. 13-5946 RJB JRC |
|---|---|
| Plaintiff, | ORDER ON REPORT AND RECOMMENDATION AND OTHER MOTIONS |
| v. | |
| WASHINGTON DEPARTMENT OF CORRECTIONS, WASHINGTON, CORRECTIONS CENTER FOR WOMEN, DR. STEVEN HAMMOND, Chief Medical Officer, KENNETH TAYLOR, Director of Health, DOC, JEFF PERRY, Healthcare Manager, Dr. Colter, staff physician, and ARNP PAM SAARI, | |
| Defendants. | |

This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge J. Richard Creatura (Dkt. 33), the parties' objections to the Report and Recommendation (Dkts. 37 and 38), Plaintiff's Motion to Amend her Complaint (Dkt. 35), Plaintiff's Motion for a Continuance and the Court Consider Additional Evidence and Response

to Summary Judgment in De Novo Review (Dkt. 36). The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

Plaintiff, *pro se,* filed this case on October 28, 2013, asserting that her Eighth Amendment right against cruel and unusual punishment was violated in connection with medical care she received as a prisoner at the Washington Correction Center for Women ("WCCW"). Dkts. 1 and 6. Plaintiff's Complaint alleges she was denied access to a handicap cell. *Id*.

After consideration of the Report and Recommendation, the parties' Objections to the Report and Recommendation, the additional evidence and argument offered by Plaintiff, the Report and Recommendation should be adopted for the reasons stated below, except for the recommendation to dismiss Plaintiff's Eighth Amendment claims related to pain relief. The case should be re-referred to Magistrate Judge Creatura for a supplemental report and recommendation and for further proceedings. Plaintiff's motion to Amend her Complaint should be granted, except to the extent that her Amended Complaint asserts claims dismissed by this order.

## I. FACTS

The background facts are stated in the Report and Recommendation (Dkt. 33, at 1-9) and are adopted here.

On April 13, 2015, the Report and Recommendation was issued, recommending the Defendant's motion to summarily dismiss Plaintiff's case be granted, in part, and denied, in part. Dkt. 33. On April 27, 2015, attorney Jean M. Schiedler-Brown appeared for Plaintiff. Dkt. 34. Plaintiff, though counsel, then filed her Objections to the Report and Recommendation (Dkt. 37), the Motion to Amend her Complaint (Dkt. 35) and her Motion for Continuance and for the Court

[to] Consider Additional Evidence and Response to Summary Judgment (Dkt. 36). Defendants also filed objections to the Report and Recommendation. Dkt. 38.

## II.   DISCUSSION

### A.  REPORT AND RECOMMENDATION

Pursuant to Fed. R. Civ. P. 72(b)(3), if parties object to a magistrate judge's recommended disposition of a case, as they have here, the "district judge may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions."

The Report and Recommendation should be adopted, except as to the Eighth Amendment claim against the individual defendants for deliberate indifference to Plaintiff's serious medical needs for failure to provide Plaintiff with proper pain medication. The case should be re-referred to the magistrate judge for a supplemental report and recommendation on that claim.

Although it was difficult to ascertain which claims Plaintiff was making in her original complaint, the Report and Recommendation's recommendations address Plaintiff's § 1983 claims and federal disability access related claims. In light of the difficulty in determining the nature of Plaintiff's claims from the complaint and Plaintiff's later pleadings, this approach was reasonable.

The Report and Recommendation recommends dismissal of all claims except federal claims for violation of Section 504 of the Rehabilitation Act ("Rehabilitation Act") and Title II of the Americans with Disabilities Act ("ADA") against the Washington Department of Corrections and the WCCW. The recommended dismissal of other claims is pursuant to Eleventh Amendment immunity. Dkt. 33.

1    This recommendation is appropriate for the reasons provided in the Report and

2 Recommendation, and the recommendation should be adopted.  Plaintiff objects, arguing that her

3 state law claims should proceed against the state.  This objection is without merit.  Defendants

4 have shown that the Washington Department of Corrections and WCCW are immune from all

5 claims except the federal claims for violation of the Rehabilitation Act and ADA.

6    The Report and Recommendation recommends the following dispositions of Plaintiff's

7 Eighth Amendment claims against the individual defendants for deliberate indifference to her

8 serious medical needs: (a) for delay in diagnosis, dismissal of all defendants, (b) for failure to

9 provide her with proper pain medication, dismissal of all defendants, (c) for Defendants

10 Hammond's and Taylor's denial of an orthopedic referral, dismissal, (d) for denial of a

11 wheelchair, sit-down walker, mechanical aids, inmate helpers and arch supports be dismissal as

12 to defendant Colter, but not dismissed as to defendants Saari and Perry, and (e) for denial of a

13 handicap accessible room, not dismissed as to defendants Saari and Perry.  Dkt. 33.  The Report

14 and Recommendation recommends denial of the individual defendants' motion for qualified

15 immunity on the surviving claims.  *Id.*

16    The Report and Recommendation also found that Plaintiff's ADA and Rehabilitation

17 claims for denial of a wheelchair, sit-down walker, mechanical aids, inmate helpers, arch

18 supports and a handicap accessible cell should not be dismissed as to individual defendants Saari

19 and Perry.  Dkt. 33.

20    Defendants object to the Report and Recommendation, arguing that some of the evidence

21 relied upon was inadmissible, but make no showing that any portion of the Report and

22 Recommendation should not be adopted as a result.  Dkt. 38.  They argue that Defendants were

23 not on notice regarding Plaintiff's ADA or Rehabilitation Act claims, but a fair reading of her

24

complaint and later pleadings do not foreclose such a claim. Further, they complain that there was no allegation of a delay in diagnosis claim, so the Report and Recommendation should not have addressed the claim or recommended denial of the claim. That objection does not provide a basis to reject the Report and Recommendation. Defendants reiterate their prior arguments regarding dismissal of the Eighth Amendment, ADA and Rehabilitation claims asserted against individual defendants Perry and Saari. Those arguments are addressed in the Report and Recommendation. They do not provide a basis to reject the Report and Recommendation.

It is not necessary to address Plaintiff's arguments in her supplemental response (Dkt. 36-3) or Plaintiff's objections (Dkt. 37) which offer further argument and support for claims that were not recommended for dismissal by the Report and Recommendation. To the extent that many of her objections and argument in her supplemental response relate to new claims asserted in her Amended Complaint, they do not provide a basis for rejecting the Report and Recommendation.

In her objections, Plaintiff argues that her 8th Amendment claim for failure to provide her with proper pain medication should not be dismissed. Dkt. 37. She submits extensive briefing and additional evidence in support of this claim. Dkts. 36-3, 36-5, 36-6, 36-7, and 36-8. The case should be re-referred to Magistrate Judge Creatura for a supplemental report and recommendation on this claim.

The Report and Recommendation (Dkt. 33) should be adopted, except for the recommendation regarding the Eighth Amendment claim for failure to provide Plaintiff with proper pain medication. The case should be re-referred to Magistrate Judge Creatura for a supplemental report and recommendation on this claim (and any other claim that has not been addressed and arises hereafter) and for further proceedings related to that supplemental report.

**B. MOTION TO AMEND**

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." In determining whether leave to amend is appropriate, the district court considers the presence of four factors: futility, bad faith, undue delay, and/or prejudice to the opposing party. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)(*internal citations omitted*).

Plaintiff's Motion to Amend her Complaint (Dkt. 35) should be granted, in part. Plaintiff's Amended Complaint makes claims against all defendants for (1) negligence, (2) violation of the Washington State Law Against Discrimination ("WLAD"), (3) retaliation related to WLAD, (4) violation of Section 504 of the Rehabilitation Act, (5) violation of the Americans with Disabilities Act, (6) violation of the Fourteenth and Eighth Amendments pursuant to 42 U.S.C. § 1983. Dkt. 36-2, at 30.

There is no showing that the proposed amendments are futile, except to the extent that it makes claims that this order dismisses. There is no showing that the motion to amend was made in bad faith. Plaintiff did not unduly delay in making her motion. The amendments clarify Plaintiff's claims. Defendant has not shown that it will be prejudiced by the proposed amendments. The motion to amend should be granted, in part, to the extent that the newly asserted claims are not dismissed by this order.

**C. PLAINTIFF'S MOTIONS FOR CONTINUANCE AND FOR CONSIDERATION OF ADDITIONAL EVIDENCE AND ARGUMENT**

Plaintiff, through counsel, moves the Court for a six month continuance of the case schedule, in order to conduct discovery, and respond to defendants' motion for summary

judgment. Dkt. 36. Plaintiff points out that although she has been deposed, she has not had an opportunity to depose any of the defendants. *Id.* Plaintiff argues that she did not have the ability or expertise to properly conduct discovery or respond to Defendant's motion before she was represented by counsel.

Plaintiff's motion for extension of time to conduct discovery and respond to the Defendants' motion for summary dismissal should re-referred to Judge Creatura.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- The Report and Recommendation (Dkt. 33) is **ADOPTED** as to the all claims, except for the recommendation regarding the Eighth Amendment claim for failure to provide Plaintiff with proper pain medication. The case should be **RE-REFERRED** to Magistrate Judge Creatura for a supplemental report and recommendation on this claim (and any other claim that has not been addressed or that arises hereafter) and for further proceedings related to that supplemental report.

- Plaintiff's Motion to Amend her Complaint (Dkt. 35) **IS GRANTED**, except as to those claims which are dismissed by this order; and

- Plaintiff's Motion for a Continuance and the Court Consider Additional Evidence and Response to Summary Judgment in De Novo Review (Dkt. 36) is **REFERRED** to Magistrate Judge Creatura.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 28th day of May, 2015.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge