1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERTA ELMORE,

               Plaintiff,

     v.

WASHINGTON STATE
DEPARTMENT OF CORRECTIONS,
WASHINGTON CORRECTIONS
CENTER FOR WOMEN, et al.,

               Defendants.

CASE NO. 13-cv-5946-RJB-JRC

ORDER ON MOTION FOR
EXTENSION OF TIME TO RESPOND
TO MOTION FOR SUMMARY
JUDGMENT AND TO AMEND
SCHEDULING ORDER REGARDING
DISCOVERY

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States

Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local

Magistrate Judge Rules MJR1, MJR3 and MJR4.

Before the Court is plaintiff's motion for extension of time to conduct discovery and to

respond to defendants' motion for summary judgment (Dkt. 36). Defendants have filed a

response (*see* Dkt. 40; *see also* Dkt. 39) and plaintiff has filed a reply (*see* Dkt. 41; *see also* Dkt.

43).

Because plaintiff has demonstrated good cause and has only recently acquired counsel,

and in the interests of justice, the Court grants plaintiff's motion for extension to respond to

ORDER - 1

1   defendants' motion for summary judgment in part (Dkt. 36). Plaintiff's supplemental response to

2   defendants' motion for summary judgment (Dkt. 36-3) will be considered, but only with respect

3   to plaintiff's Eighth Amendment claim regarding the alleged inappropriate denial of pain

4   medication. The remainder of defendants' summary judgment motion has been addressed already

5   by the Court (*see* Report and Recommendation on Defendants' Motion for Summary Judgment,

6   Dkt. 33, Order on Report and Recommendation and other motions, Dkt. 44).

7        In addition, because plaintiff has demonstrated good cause, and because the Court has

8   granted plaintiff's request to file an amended complaint, plaintiff's motion for an extension of

9   time for discovery is granted (Dkt. 36), but only as to claims not dismissed already by the Court

10  (*see* Dkt. 44).

11                                          **FACTS**

12       The Court previously has set out the facts of this case in a more comprehensive manner

13  than the Court will discuss herein (*see* Report and Recommendation on Defendants' Motion for

14  Summary Judgment, Dkt. 33).

15       Plaintiff is an inmate at Washington Corrections Center for Women ("WCCW") who

16  suffers from a rare bone disease, Fibrous Dysplasia, Polyostotic form. Plaintiff receives

17  specialized treatment for this impairment every five or six months, but indicates that

18  approximately four months after her treatment, the medication "is wearing out of [her] system"

19  (Dkt. 23, Exhibit 4, pp. 33-34). When this occurs, plaintiff contends that she becomes more

20  prone to falling, and that it hurts to walk.

21       In addition to other claims already addressed by this Court (*see* Dkts. 33, 44), plaintiff

22  claims that defendants have improperly denied her necessary pain medication and that, as a

23  result, defendants have been deliberately indifferent to her serious medical need. In large part

24

ORDER - 2

1  due to her previous *pro se* status, plaintiff concedes that she did not set out this particular aspect

2  of her complaint with a large amount of factual allegations or legal argument (*see* Dkt. 36; *see*

3  *also* Complaint, Dkt. 6; Response to Motion for Summary Judgment, Dkt. 26). However,

4  plaintiff did allege, for example, that she has continued to file reports about her legs being in

5  pain against defendant ARNP Saari (*see* Complaint, Dkt. 6, at p. 4). Defendant Dr. Colter admits

6  that "WCCW health care providers have not prescribed all the pain medications [plaintiff] has

7  requested but have prescribed those medications that are, in their professional judgment,

8  necessary and appropriate" (*see* Declaration of Mary L. Colter, M.D., Dkt. 23, Exhibit 2, pp. 2-

9  3).

10        This Court previously recommended that defendants' motion for summary judgment on

11  plaintiff's Eighth Amendment claim regarding the alleged inappropriate denial of pain

12  medication be granted (*see* Dkt. 33). The Court specifically based this recommendation on a

13  finding that "[b]ased on the evidence plaintiff has presented, no reasonable jury would make []

14  [the] finding" that the denial of plaintiff's requested pain medication "'"was medically

15  unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive

16  risk to [the prisoner's] health'"" (Dkt. 33, p. 18 (*quoting Toguchi v. Soon Hwang Chung*, 391

17  F.3d 1051, 1058 (9th Cir. 2004) (*quoting Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)

18  (citations omitted in original)). However, plaintiff recently has acquired representation and has

19  submitted a large amount of evidence on this claim, as well as additional arguments in support of

20  this claim (*see* Dkt. 36). In the motion currently before the Court, plaintiff requests leave to file

21  this additional evidence and moves for an extension of time to respond to defendants' motion for

22  summary judgment, as filed by counsel (*see id.*).

23

24

ORDER - 3

1    Although the Court adopted the Report and Recommendation regarding the remainder of

2  plaintiff's claims, the Court declined to adopt this particular recommendation that defendants'

3  motion for summary judgment be granted on plaintiff's claim regarding alleged inappropriate

4  denial of necessary pain medication (*see* Dkt. 44, pp. 5, 7). The Court declined to adopt the

5  recommendation for dismissal of this Eighth Amendment claim regarding medication because

6  plaintiff has submitted "extensive briefing and additional evidence in support of this claim" (*see*

7  *id.* p. 5 (*citing* Dkt. 36-3, 36-5, 36-6, 36-8))

8                                      **DISCUSSION**

9    **I.        Plaintiff's motion for an extension of time to file her Supplemental Response
             to defendants' Motion for Summary Judgment and for leave to file**
10           **additional evidence**

11     a.  Parties contentions

12    As noted, plaintiff, who has been until recently proceeding *pro se*, has conceded that "her

13  pleadings are not artful," and that her original response to defendants' motion for summary

14  judgment "does not submit to the court certain critical and available documentation supporting

15  her case in an evidentiary form" (*see* Motion for Continuance, Dkt. 36, pp. 1-2). Plaintiff

16  contends that she had not been able to perform legal research, and that "significant legal

17  authorities in her favor have not been brought to the court's attention" (*see id.* p. 2). Plaintiff

18  notes that she "has submitted to the court evidence of a long search for counsel to represent her,

19  in an effort to seek a further continuance in order to effectively respond to [defendants']

20  dispositive motion" (*see id.*). Plaintiff notes that defendants replied in support of their motion,

21  "observing that plaintiff's response to the summary judgment is only a 'restatement' of her

22  allegations, without specifically providing 'evidence' to refute the [evidence] provided by

23  [defendants]; further, that her submittal does not address the legal standards" (*id.* (*quoting* Dkt.

24

1    28, p. 2)). Plaintiff argues that "if counsel is not allowed to assist [plaintiff] in responding to this

2    motion, she will not have had an opportunity to present on the merits her legal and factual

3    issues," and that defendants' arguments in their reply demonstrate that "a granting of summary

4    judgment at this time would be more like granting a default" (*id.*). Plaintiff further supports her

5    request by noting that no trial date has been set, and that although defendants have deposed

6    plaintiff, she has not deposed any agents of defendants (*see id.*).

7         Plaintiff argues that pursuant to Fed. R. Civ. P. 6(b), the court may, for good cause, grant

8    plaintiff's motion for an extension of time to respond to the motion for summary judgment if

9    plaintiff failed to act because of excusable neglect (*see id.* at p. 3). Plaintiff further argues that

10   "her neglect is excusable because the terms and procedures of art, and specifically the elements

11   of Civil Rights causes of action, the legal elements of qualified immunity, [and] the 8th

12   Amendment standard of deliberate indifference  . . . . are beyond her ability and the record

13   shows that she has attempted to the best of her ability to submit reasoned arguments and

14   evidence in accordance with the court rules and orders of this court" (*id.*). Plaintiff points out that

15   she has "submitted to the court evidence of a diligent effort over a period of time to obtain

16   counsel to address her deficiencies, thus, there is good cause in bringing this motion at this time"

17   (*id.*).

18        Plaintiff adds that she has cooperated fully with discovery in providing defendants with

19   her deposition and interrogatory answers (*see id.* at p. 4). Plaintiff contends that she "has not had

20   the ability and expertise to properly request DOC records, DOC standards, rules and regulations,

21   and other documents, and she has not had the ability to note depositions of the named defendants

22   and agents of defendant, or to investigate medical testimony for herself" (*id.*).

23

24

ORDER - 5

1    Defendants respond that plaintiff has "failed to establish that she is entitled to a second

2  opportunity to submit evidence in response to Defendants' motion for summary judgment,"

3  because, among other reasons, plaintiff "has wrongly asserted that she filed this case 'in early

4  2013;" and "has presented no evidence that she was either physically or mentally unable to

5  perform legal research or file a brief in opposition to Defendants' summary judgment motion"

6  (Response, Dkt. 40, p. 2). Defendants also take issue with plaintiff's "false" accusation that "'the

7  State' [] mis-stat[ed] the law on 'pendent jurisdiction,' [when] pendent jurisdiction was never an

8  issue in this case and was never briefed by Defendants" (*id.*). Defendants also take issue with

9  plaintiff's accusation that defendants did not apprise the Court of evidence beneficial to

10  plaintiff's case, noting that "plaintiff was obviously aware of this evidence and clearly had an

11  opportunity to submit it to the court herself," and noting that "Plaintiff has presented no authority

12  to support her argument the Defendants were obligated to submit evidence on behalf of Plaintiff"

13  (*id.*). "Lastly, Defendants [assert that they] will be prejudiced by having to address the additional

14  evidence presented by Plaintiff, all of which could have been submitted previously by Plaintiff in

15  response to Defendants' motion for summary judgment" (*id.*).

16    b.  Plaintiff has demonstrated good cause for an extension

17    Plaintiff has been proceeding *pro se* in this matter until very recently, and also, has been

18  incarcerated. In addition, plaintiff's assertion that she "has submitted to the court evidence of a

19  long search for counsel to represent her" (Dkt. 36, p. 2) is supported by the record. In support of

20  her motion for a continuance, plaintiff indicated that she diligently was seeking an attorney, and

21  she attached evidence demonstrating that plaintiff contacted at least six attorneys/law firms who

22  declined to represent plaintiff (*see* Dkt. 26, pp. 1-2, 14 ("Appendix B")). Plaintiff also diligently

23  sought multiple continuances in this matter (*see* Dkt. 16, 19, 24).

24

1    Defendants provided a reply to arguments that plaintiff presented in her response to

2  defendants' motion for summary judgment, but they also indicated, as noted by plaintiff, that

3  plaintiff's "remaining arguments appear to be nothing more than a restatement of the assertions

4  in Plaintiff's complaint and do  not merit further response from Defendants" (Dkt. 28, p. 2). It

5  appears to be undisputed that plaintiff's original response to defendants' motion largely was

6  inadequate (*see id.*). The Court agrees with plaintiff that "a granting of summary judgment at this

7  time would be more like granting a default" regarding her claim for alleged indifference to her

8  serious medical need for pain medication (Dkt. 36, p. 2). This conclusion is supported by this

9  Court's recommendation that this claim be dismissed "[b]ased on the evidence plaintiff has

10 presented," as such evidence was inadequate to support the requisite conclusion of law (*see* Dkt.

11 33, p. 18). As the Court noted when declining to adopt this recommendation regarding dismissal

12 of this claim, plaintiff now "submits extensive briefing and additional evidence in support of this

13 claim" (Dkt. 44, p.  (*citing* Dkts. 36-3, 36-5, 36-6, 36-7, and 36-8)). The Court concludes that

14 plaintiff has been sufficiently diligent and has satisfied the "good cause" requirement. The Court

15 also concludes that this claim should be decided on the merits, and a review of plaintiff's

16 Supplemental Response and her additional evidence will further this goal.

17    Regarding defendants' contention that they will be unfairly prejudiced by having to

18 respond to plaintiff's evidence, plaintiff notes that no trial date has been set; that although

19 defendants have deposed plaintiff, plaintiff has not deposed any agents of defendants; and, that

20 plaintiff has cooperated by responding to defendant's interrogatories and providing her

21 deposition (*see* Dkt. 36, pp. 2, 4).

22    For the reasons stated, the Court concludes that plaintiff's conduct in this matter has

23 reflected sufficient diligence to support a finding of good cause.

24

ORDER - 7

1    Therefore, the Court concludes that plaintiff has demonstrated good cause for an

2   extension of time to respond to defendants' motion for summary judgment and for leave to

3   submit additional evidence. This conclusion also serves to allow this Court to render a judgment

4   on the merits of plaintiff's claim.

5          **II.        Plaintiff's motion for an extension of time for and a continuance of discovery**

6          The parties make essentially the same arguments regarding plaintiff's motion to extend

7   discovery as they make regarding the supplemental response. Plaintiff notes that she has not had

8   the advantage of any formal discovery (*see* Dkt. 36, p. 1). Plaintiff contends that she "has not had

9   the ability and expertise to properly request DOC records, DOC standards, rules and regulations,

10  and other documents, and she has not had the ability to note depositions of the named defendants

11  and agents of defendant, or to investigate medical testimony for herself" (*id.*, p. 4).

12         Defendants' Response in Opposition to Plaintiff's Motion to Amend the Complaint,

13  incorporated into their Response to this motion at bar, actually supports granting this motion of

14  plaintiff for an extension of discovery, as defendants contend that if plaintiff's motion to amend

15  is granted, they "will be required to conduct substantial additional discovery on Plaintiff's new

16  claims, including taking another deposition of Plaintiff" (*see* Dkt. 39, p. 4). Plaintiff's motion to

17  amend her complaint was granted by the Court in the Order on Report and Recommendation (*see*

18  Dkt. 44, pp. 6, 7).

19         According to Fed. R. Civ. P. 16(b)(4), the Court may modify the scheduling order only

20  for good cause. The "good cause" standard "primarily considers the diligence of the party

21  seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.

22  1992); *see also Smith v. Kelly*, Dock. Id. C11-623-RAJ-JPD, U.S. Dist. LEXIS 152946

23  (W.D.Wash. October 24, 2012) (unpublished opinion).

24

1    Here, as already discussed, and for the reasons stated, the Court concludes that plaintiff

2  has satisfied the good cause requirement of Fed. R. Civ. P. 16(b)(4). The Court also concludes

3  that granting plaintiff's motion to continue discovery will further the goal of deciding the case on

4  the merits.

5    Plaintiff's motion for an extension for and to continue discovery (Dkt. 36) is granted only

6  as to claims presented in her first amended complaint (when it is filed properly) (*see* Dkt. 36-2,

7  pp. 24-32), that were not dismissed in the Court's Order adopting in part the Report and

8  Recommendation (*see* Dkt. 44). Claims that were dismissed in the Court's Order, as stated in that

9  Order, shall not be revisited or allowed to proceed to trial (*see* Dkt. 44, p. 7).

10                                        **CONCLUSION**

11    For the reasons stated herein, it is hereby **ORDERED**:

12    (1) Plaintiff's motion for a continuance to respond to defendants' Motion for Summary

13        Judgment (Dkt. 23) is **GRANTED IN PART**, only as to her Eighth Amendment

14        claim of deliberate indifference regarding alleged inappropriate denial of pain

15        medication (*see* Dkt. 36).

16    (2) Plaintiff's motion for leave to file additional evidence is **GRANTED** (Dkt. 36).

17    (3) Defendants shall file any reply in support of their Motion for Summary Judgment

18        (Dkt. 23) addressing plaintiff's Supplemental Response to their Motion for Summary

19        Judgment (Dkt. 36-3) by June 19, 2015.

20    (4) Plaintiff's motion for an extension for discovery and to continue the case schedule is

21        **GRANTED** (Dkt. 36) only as to claims that were not dismissed in this Court's Order

22        on Report and Recommendation (Dkt. 44).

23

24

ORDER - 9

1    (5) The Court's pretrial scheduling order (Dkts. 15, 18, 21) is **AMENDED** as follows:

2        Discovery deadline is extended to November 15, 2015, and the dispositive motion

3        deadline is extended to December 15, 2015.

4    (6) The Clerk's office is directed to re-note Defendants' Motion for Summary Judgment

5        (Dkt. 23) for June 19, 2015.

6

     Dated this 5th day of June, 2015.

7

8        J. Richard Creatura
         United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24