UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERTA ELMORE,<br><br>              Plaintiff,<br><br>   v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS, WASHINGTON, CORRECTIONS CENTER FOR WOMEN, DR. STEVEN HAMMOND, Chief Medical Officer, KENNETH TAYLOR, Director of Health, DOC, JEFF PERRY, Healthcare Manager, Dr. Colter, staff physician, and ARNP PAM SAARI,<br><br>             Defendants. | CASE NO. 13-5946 RJB JRC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge J. Richard Creatura. Dkt.74. The Court has considered the Report and Recommendation (Dkt. 74), the Plaintiff's Objections to the Report and Recommendation (Dkt. 77-2, 77-3 and 77-4), the Defendants' Response to Plaintiff's Objections (Dkt. 79) and the file herein.

1     Plaintiff, *pro se,* filed this case on October 28, 2013, asserting that her Eighth

2 Amendment right against cruel and unusual punishment was violated in connection with medical

3 care she received as a prisoner at the Washington Correction Center for Women ("WCCW").

4 Dkts. 1 and 6. Plaintiff also alleges she was denied accommodations for her disabilities. *Id*.

5     The Report and Recommendation recommends that Defendants' motion for summary

6 judgment be granted and Plaintiff's case be dismissed. Dkt. 74. For the reasons stated below,

7 the Report and Recommendation should be adopted and the case dismissed.

8                     **I.    FACTS**

9     The background facts are stated in the Report and Recommendation (Dkt. 74, at 1-9) and are

10 adopted here. Plaintiff filed objections to the Report and Recommendation arguing that her

11 claims should not be dismissed. Dkts. 77-2, 77-3 and 77-4.

12                     **II.    DISCUSSION**

13     The Report and Recommendation should be adopted and the case dismissed.

14     Plaintiff objects to the Report and Recommendation's recommendations that the Eighth

15 Amendment claims against the individual defendants for deliberate indifference to Plaintiff's

16 serious medical needs (for failure to provide Plaintiff with proper pain medication and for failure

17 to treat her foot from screws in her femur) should be dismissed. Dkts. 77-2, 77-3 and 77-4.

18     She argues that the Report and Recommendation used an improper standard and that

19 evidence of malice is not required. *Id.* Plaintiff argues that there are issues of fact as to whether

20 she is being punished for "chewing" her pain medication one time. *Id.*

21     These objections do not provide a basis to reject the Report and Recommendation. The

22 Report and Recommendation properly identifies the standard for deliberate indifference (Dkt.74,

23 at 10-11) and applies it (Dkt. 74, at 11-20). Plaintiff's assertion that Defendants ignored her

24

cries for help is not established by the record.  Clearly, Plaintiff disagrees with the Defendants' decision not to offer her opioid pain medication for chronic pain relief whenever she requests it.  As stated in the Report and Recommendation, a difference of opinion regarding proper medical treatment does not give rise to a § 1983 claim for violation of the Eighth Amendment, however.  Dkt. 74, at 11 (*citing Franklin v. Oregon State Welfare Div.,* 662 F.2d 1337, 1344 (9th Cir. 1981)).

Plaintiff argues that the Report and Recommendation erred in finding that she needed a medical expert.  This objection does not provide a basis to reject the Report and Recommendation.  The Report and Recommendation did not find Plaintiff was required to have a medical expert.  It noted that she failed to point to competent evidence that created an issue of fact on her Eighth Amendment claims.  The Report and Recommendation did not err in relying on unrefuted testimony.

Plaintiff's remaining objections regarding her Eighth Amendment claims are either a restatement of her arguments in opposition to the summary judgment motion, and are addressed in the Report and Recommendation, or are without merit.

Plaintiff also objects to the Report and Recommendation's recommendation that her claims under the ADA and RA be dismissed.  This recommendation is appropriate for the reasons provided in the Report and Recommendation, and the recommendation should be adopted.  Plaintiff asserts that a prior Report and Recommendation found that there were issues of fact on these claims, and so, now cannot reverse that decision.  Dkt. 77-2.  As explained in the Report and Recommendation, as it related to the first motion for summary judgment, the Defendants provided no evidence on the ADA or RA claims.  Dkt. 74, at 22.  Under the expanded record,

dismissal is appropriate. Plaintiff's remaining arguments are addressed in the Report and Recommendation. They do not provide a basis to reject the Report and Recommendation.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- The Report and Recommendation (Dkt. 74) is **ADOPTED;**
- Defendants' Motion for Summary Judgment (Dkt. 56) **IS GRANTED**;
- This case **IS DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 17th day of January, 2017.

*/s/ Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge